## POWELL v. THE STATE.

CRIMINAL LAW.—*Suffering Minor to Play Billiards.*—To constitute an offence under section 2 of the act of March 8th, 1873, 2 R. S. 1876, p. 484, making it unlawful for any person owning, etc., any billiard table, etc., kept in a public place. to suffer or permit minors to congregate there, a congregation or assemblage of minors at such place must be shown.

SAME.—" *Congregate" Defined.*—*Evidence.* — To congregate, within the meaning of section 2, *supra*, necessarily implies the joint action or co-operation of two or more persons, and is usually applicable to the coming to-gether of a considerable number of persons ; and, to sustain an indictment under said section, it must be shown, that, upon some occasion within the time covered by the indictment, the minors named therein assembled, and were found at the same time together, at the place where such billiard table was kept.

From the Union Circuit Court.

*T. W. Bennett, J. E. Tucker* and *J. L. Rupe,* for appellant.
*T. W. Woollen,* Attorney General, for the State.

NIBLACK, J.—The indictment in this case charged, " that on the 25th day of December, A. D. 1876, at and in the County of Union and State of Indiana, one Thomas Powell, then and there having the care, management and con-trol of a certain billiard table by him then and there kept in his saloon, a public place, then and there situated on the west side of Market street in the town of Liberty in said county, did then and there suffer and permit Charles Cully and Elisha Bolton to congregate and loaf and linger at, in and about said saloon where said billiard table was kept, as aforesaid, the said Charles Cully and Elisha Bolton then and there being minors, under twenty years of age."

There was a trial by a jury, a verdict of guilty, and a judgment of conviction on the verdict.

By causes unsuccessfully assigned for a new trial, several questions are reserved in the record.

The section of the statute under which the indictment in this case was returned reads as follows :

" That any person owning or having the care, manage-
ment, or control of any billiard table or tables, bagatelle
table or pigeon-hole table, kept in any saloon, hotel or
other public place who shall suffer or permit minors to
congregate at, in and about such place where such billiard
table or tables, bagatelle table or pigeon-hole table may be
kept, shall, for each offence, be fined in any sum not less
than twenty-five dollars, nor to exceed five hundred dol-
lars." Sec. 2, Act of March 8th, 1873, 2 R. S. 1876, p.
484.

It will thus be seen, that, to constitute an offence under this
section of the statute, minors must be suffered or permitted
to *congregate* at, in or about the place where such billiard or
other tables are kept. A congregation or assemblage of
minors at some one of the specified places at which these
tables are kept must be shown, to make out the offence.

To *congregate*, within the meaning of the section of the
statute above quoted, necessarily implies the joint action
or co-operation of two or more persons, and is usually ap-
plicable to the coming together of a considerable number
of persons. It is meaningless to say that a man can con-
gregate at any given place without the co-operation of
some one else, or that one man can, by himself, form a *con-
gregation* of any kind.

It devolved upon the prosecuting attorney, upon the trial
of this cause, to show, among other things, that, upon some
occasion, within the time covered by the indictment,
Charles Cully and Elisha Bolton assembled and were found
at the same time together at the defendant's saloon, where
he kept a billiard table, as charged in the indictment.
This was not shown upon the trial. There was no evidence
showing or fairly tending to show that Cully and Bolton
had ever, at any time, visited the defendant's saloon to-
gether, or at the same time. On the contrary, the evidence
tended very strongly to establish the inevitable conclusion

that they had never both been at the defendant's saloon at the same time.

There was evidence showing that both Cully and Bolton had several times separately, that is, each in the absence of the other, visited the defendant's saloon, when other persons, not named in the indictment, were present; but this evidence did not sustain any of the allegations of the indictment, and some of it was erroneously admitted, over the objection of the defendant.

We think the verdict of the jury was not sustained by the evidence, and that the court below erred in overruling the defendant's motion for a new trial.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.