THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAX BERKOWITZ and Others, Appellants.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, July 19, 1928.

Crimes — disorderly conduct tending to breach of peace — appellants were convicted under Consolidation Act, §§ 1458, 1459 — walking along sidewalk carrying signs stating that strike was in progress not disorderly conduct.

The appellants were convicted of disorderly conduct tending to a breach of the peace on a complaint drawn under sections 1458 and 1459 of the Consolidation Act of the city of New York. The conviction is reversed, since it appears that all that the appellants were doing when arrested was carrying signs along the street in front of the building owned by the complainant, which stated that window cleaners were on strike, and that appellants did not in any way molest any one and were not interfered with by the police or told to move on. Under the circumstances, their acts did not constitute disorderly conduct tending to a breach of the peace.

APPEAL from a judgment convicting the defendants of disorderly conduct tending to a breach of the peace.

*Oberman & Buitenkant,* for the appellant.

*Joab H. Banton,* District Attorney [*Thomas B. Dyett* of counsel], for the respondent.

McINERNEY, J. It seems to me that under the decision in *Exchange Bakery & Restaurant* v. *Rifkin* (245 N. Y. 260) it is necessary to reverse the conviction, and I so vote.

MURPHY, J., concurs.

HERBERT, J. (dissenting). I dissent and vote for affirmance.

The appellants were convicted of disorderly conduct tending to a breach of the peace. No mention is made in the complaint and no reference is made on the trial to the statute under which the complaint is drawn. Its language fits sections 1458 and 1459 of the Consolidation Act* and it lacks the necessary allegation to bring it under section 722 of the Penal Law.† It is assumed, therefore, that it was drawn under the Consolidation Act above referred to.

The complaint, omitting the printed matter, reads as follows: " that said defendants did then and there obstruct and encumber the sidewalk in front of said premises in that the defendants Berkowitz and Fox did walk up and down in front of said premises of the Mutual Life Insurance Co. building, while the defendant

* Laws of 1882, chap. 410, as amd.— [REP.

† Added by Laws of 1923, chap. 642, as amd. by Laws of 1924, chap. 476.— [REP.

Lafkow did also loiter in front of said premises, directing the operations of the other two defendants. Deponent states that Berkowitz and Fox did have signs suspended from their shoulders reading, ' Beaver Window Cleaning Co. Contracted by the Mutual Life Bldgs. On Strike, Window Cleaners Protective Union, Local 8, Affiliated with A. F. of L.' Deponent states that there is no strike in progress at said premises and these defendants persist in loitering in front of said premises which is on a very narrow street, and have been previously warned to keep off said street."

It was shown by the People and admitted by the defendants that at the hour of nine o'clock A. M. they both walked back and forth on the sidewalk in front of the Mutual Life Insurance Company located at No. 32 Nassau street, in the borough of Manhattan, city of New York, bearing the signs set forth in the complaint. They accosted nobody, they were not directed to move on, and the evidence of having collected a crowd, even if that question be material, is not satisfactory. The sole question for our determination is: Was the conduct as above described such as in the opinion of the magistrate tended to a breach of the peace. (*People* v. *Nixon*, 248 N. Y. 182.) It is evident that the magistrate believed that it was, because he found them guilty, and it is for us to determine on this appeal whether the discretion of the magistrate in arriving at that conclusion was properly exercised. I believe that it was.

The acts of the defendants to constitute a violation of the statute need not go so far as to be in themselves a breach of the peace. If the acts complained of " be at least one which reasonably tends to a breach of the peace " (*People* v. *Nixon, supra*), I think the statute is violated.

The acts of the defendants in walking up and down carrying these signs at the time and place and under the circumstances mentioned did, in my opinion, tend to a breach of the peace, and a breach of the peace on this occasion might very easily have happened if the janitor of the building had not used the good judgment which he displayed in handling this situation.

The defendants' union had no grievance against the Mutual Life Insurance Company but they evidently relied upon the presence of the defendants at the time and place mentioned and upon the words on the signs reading " Mutual Life Insurance Company " to create such a condition of affairs in front of that building as to force the Beaver Window Cleaning Company to make terms with the union. This conduct might easily have led to a breach of the peace and I think the magistrate had sufficient reason to decide that it would.

I vote for affirmance of the judgment of conviction.