THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX HIPPLE, Appellant.

(Argued December 15, 1933; decided January 9, 1934.)

*Lawrence Kovalsky* and *David Goldstein* for appellant. The judgment of conviction can only be sustained by proof showing a violation by the defendant of subdivision 3 of section 722 of the Penal Law. (*People* v. *Grogan*, 260 N. Y. 138; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Abramowitz*, 132 Misc. Rep. 18.)

*Thomas C. T. Crain, District Attorney (Le Roy Mandle of counsel),* for respondent. The judgment of conviction can be sustained if any of the acts set forth in the complaint constitute disorderly conduct. (*People* v. *Peckens,* 153 N. Y. 576; *People* v. *Miller,* 143 App. Div. 251.)

POUND, Ch. J.. Defendant was charged with violation of Penal Law, section 722, subdivision 3, which reads as follows:

" § 722. Disorderly conduct. Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" *  *  *

" 3. Congregates with others *on a public street* and refuses to move on when ordered by the police."

He was convicted in the Magistrates' Court of the City of New York. Sentence was suspended. Judgment of conviction was affirmed in the Court of Special Sessions. Defendant contends that he did not perform the alleged acts of disorderly conduct " on a public street." The complaint charges that the offense was committed " in front of premises No. 22 West 31st Street " in the city of New York. The officer who arrested defendant testified that he was " inside of a doorway " when he was told to move on; the doorway of " a business building." A strike was in progress " up there." The court found that " no man, whether a walking delegate, or whatever he is, has a right to stand in the entrance of a business building," and said " his standing there, in the building, was calculated to cause a breach of the peace."

We have given the language of Penal Law, section 722, a broad construction. A group of persons congregating on a public street may be dispersed, although their intent is orderly and inoffensive. Even then it may be said that " a breach of the peace may be occasioned." (*People* v. *Galpern,* 259 N. Y. 279, 283.) By the language of the

subdivision of the section the congregating must be " on a public street " and the evidence negatives the claim that defendant was " on a public street." He has not committed the offense specified in subdivision 3 of section 722.

The learned District Attorney contends that the People are not limited to the particular acts stated in subdivision 3 in order that defendant may be convicted of disorderly conduct.

Subdivision 2 provides generally that one is guilty of disorderly conduct who " Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others."

The complaint charges an act which amounts to a breach of the peace whether performed on the street or in the hallway of a business building where people are going in and going out. One may not take refuge in a doorway to congregate there with others who are on the street, interfering with and obstructing passers-by, and then plead that he has not congregated with them on the street.

A complaint in the Magistrates' Court charging disorderly conduct need not state the name of the crime, the " particular offense," with the exactness required of an indictment or an information. (*People* v. *Grogan*, 260 N. Y. 138.) The essence of the charge of disorderly conduct is that a breach of the peace may be occasioned by certain enumerated acts. Defendant was told to move on by the arresting officer and he refused to move on. To say that he should be discharged because he was not on the street but was standing in the entrance of a building, although congregating with others who were on the street, during the progress of a strike, is to sacrifice justice to a mere technicality.

The judgment should be affirmed.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.