THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DIANA WARD and EVELYN PRESTON, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, April 22, 1936.

*Carol King* [*Osmond K. Fraenkel* of counsel], for the appellant.

*William F. X. Geoghan, District Attorney of Kings County* [*Edward H. Levine* of counsel], for the respondent.

PER CURIAM. The offense charged is disorderly conduct in violation of section 722, subdivision 2, of the Penal Law in that defendants did " walk up and down in front of 510 Fulton Street, this borough, carrying signs in their hands, refused to move on when ordered by deponent, obstructing the sidewalk and causing a crowd to collect." Defendants were found guilty and each sentenced to pay a fine of five dollars or in default of payment to serve three days in jail, but the execution of the sentence was suspended.

There is but little contradiction in the testimony. The defendants and two other women, accompanied by their attorney, came by automobile to Brooklyn on the day in question, and shortly before twelve-thirty P. M. parked their car opposite 510 Fulton street and after a brief conversation between their attorney and two pickets who were already parading in front of said premises, these two pickets at twelve-thirty P. M. withdrew and their places were taken by the four women, including defendants, who, carrying placards or signs, formed in single file about three feet apart and marched back and forth on the sidewalk, keeping about three feet from the curb; the premises in question have a frontage on Fulton street of about forty feet and when the four pickets traversed this distance each executed an about face and proceeded in the opposite direction for the same distance; the sidewalk at this point is about eighteen feet in width with a normal pedestrian traffic at this hour of from thirty to forty people; the police inspector reached the premises 510 Fulton street, occupied by May's Department Store, at about twelve-thirty P. M.; he testified that he saw a great many persons gathered in front of this store and spoke to the four women pickets informing them it was a part of police duty to prevent congestion and that they would not be allowed to picket inasmuch as there were already two pickets there; he further testified that the police captain had established the regulation limiting the number of pickets at this location to two, and he had given his assent thereto, and further that the defendant Preston said she did not believe he had any right to regulate the number of pickets; then followed the arrest of the two defendants by the arresting officer acting on the instructions of the inspector.

The question considered by the magistrate was the collection of a crowd, as appears from his statement at page 57 of the minutes: " The essence of this complaint is was there a crowd collected there as a result of the pickets. Nothing more."

On that question the officers testified that several hundred people, variously estimated up to 700 or 800, collected within a few minutes. The attorney for one of the defendants testified that about 125 people represented the maximum that collected at any one time.

The appellants contend that the real reason for the arrest was not that defendants caused a crowd to collect, but that four pickets were in line instead of two and that the inspector had no right arbitrarily to limit the number of pickets to two. We believe that the testimony, taken as a whole, does not support this contention. The evidence shows that this was a busy thoroughfare and we are of the opinion that while the right to picket as established

by law may not be taken away by police officials, such officials may take measures to prevent the collection of a crowd including a reasonable limitation of the number of pickets at a given location under such circumstances as appear from the evidence in this case. The Court of Appeals in *People* v. *Nixon* (248 N. Y. 182, at p. 188), in commenting on the duty of police officers, stated: "Police officers are guardians of the public order. Their duty is not merely to arrest offenders but to protect persons from threatened wrong and to prevent disorder. In the performance of their duties they may give reasonable directions."

Appellants further contend that defendants were merely attempting in good faith to test a police regulation. However that may be, this motive is not controlling if in fact their acts constituted disorderly conduct. In this connection the language of the court in *People* v. *Galpern* (259 N. Y. 279, at p. 282) is pertinent: "Failure, even though conscientious, to obey directions of a police officer, not exceeding his authority, may interfere with the public order and lead to a breach of the peace."

We have examined the cases cited by the appellants and do not find them inconsistent with our decision herein.

Judgment of conviction affirmed.

Present — KERNOCHAN, P. J., BAYES and BRADY, JJ.