Per Curiam.

Appeal from judgment of the Magistrate’s Court of the City of New York, Borough of Manhattan, 7th District, rendered May 20, 1940, convicting defendant of a violation of subdivision 3 of section 722 of the Penal Law.
*183 The complaint charged that on March 28, 1940, at Broadway and 44th Street, New York County, defendant committed the offense of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law for the reason that at the time and place specified defendant unlawfully and with intent to provoke a breach of the peace and whereby a breach of the peace might be occasioned, did ‘‘ at about 7:45 p.m. this date while selling magazines, cause a crowd to collect, and refuse to move on when ordered by the deponent.”
It is clear from the record that although the complaint specifically charged a violation of subdivision 2 of said section 722, the court found defendant guilty of refusing to move on when ordered so to do by the policeman. In other words, the conviction was based upon a violation of subdivision 3 of said section 722, pursuant to which a person may be adjudged guilty of disorderly conduct who “ Congregates with others on a public street and refuses to move on when ordered by the police.” It has been held that under said section 722, it is not necessary to specify in the complaint the particular subdivision alleged to have been violated. (See People v. Hippie, 263 N. Y. 242.) It is sufficient if the defendant be convicted of the violation of any subdivision of said section. In the present case defendant was charged with refusing to move on when ordered so to do and the failure to specify that this constituted a violation of subdivision 3 of said section is immaterial. A great deal of appellant’s brief is taken up with the contention that said section 722 as applied by the court below is unconstitutional in that it deprives defendant of his liberty of assembly, freedom of speech and of the press and of his liberty to worship according to the dictates of his conscience. Appellant further contends that subdivision 3 of section 722 of the Penal Law is invalid for the reason that it vests arbitrary and discriminatory power in the police, thereby leaving the question of a violation to the whim of the police. It must be said, however, that most rights under the law are relative and must be exercised with reference to the public weal. Prom a reading of the record we are of the opinion that defendant was properly convicted of a violation of subdivision 3 of section 722 of the Penal Law and that the judgment should be affirmed.
Bayes, Ch. J., De Luca and Salomon, JJ., concur.
Judgment affirmed, etc.