Martin Schenck, J.
The defendant was charged with a violation of subdivision 7 of section 11 of the Vehicle and Traffic Law, which makes certain provisions concerning the combined *713 weights of vehicles and their loads and establishes maximum weights therefor. This defendant was tried by the court (Special Sessions, Bethlehem, White, J.), without a jury and was found guilty of carrying a load that brought his combined truck and load weight in excess of the maximum prescribed under the foregoing section. He was thereupon fined the sum of $100, the minimum authorized penalty. In the return of the Trial Justice it was stated that a violation of subdivision 7 of section 11 amounted to a misdemeanor.
An examination of the pertinent sections of the Vehicle and Traffic Law leads me to the conclusion that a violation of subdivision 7 of section 11 does not constitute a misdemeanor. No authorities have been cited upon this point, but the section in question fails to contain any indication that this violation is a misdemeanor. Other provisions for penalties under the Vehicle and Traffic Law, where the offense is designated a misdemeanor by the Legislature, specificially so indicate. For example, section 70 of the Vehicle and Traffic Law, dealing with penalties, states that a violation of subdivision 1 of section 11 constitutes a misdemeanor. On the other hand, section 70 provides merely that a violation of subdivision 7 of section 11 “ shall be punishable by a fine ”. This defendant, therefore, could not have been convicted of anything more than a violation of the Vehicle and Traffic Law, not amounting to a misdemeanor. The certificate of conviction reciting that the defendant has committed a misdemeanor, therefore, is in error. It does not seem to me that, in the interest of justice, this error could be remedied by a mere change in the certificate of conviction. The trial herein was apparently conducted on the theory that a misdemeanor was involved. To insure a just and proper disposition of the case, therefore, a new trial should be had.
In view of the fact that the charge here did not involve a misdemeanor, the defendant’s arguments concerning the sufficiency of the information cannot prevail. The defendant relies largely upon People v. Patrick (175 Misc. 997). That case, however, citing People v. Hippie (263 N. Y. 242), is authority for the proposition that the precision of pleading required in an information charging a misdemeanor does not apply to an information charging a violation of the Vehicle and Traffic Law of lesser degree than a misdemeanor. The defendant, therefore, is in the somewhat anomalous position of arguing that the information was insufficient to charge a misdemeanor, whereas all that is involved here is a Vehicle and Traffic Law violation. Although this conclusion might seem to prejudice this defendant, who, under the circumstances, might well be entitled to have *714 an information charging a misdemeanor dismissed, nevertheless, the only solution which now appears possible is the ordering of a new trial upon the basis ‘of the present information which must be deemed sufficient as charging a mere traffic violation.
The judgment of conviction of the Court of Special Sessions, Town of Bethlehem, is, therefore, reversed, and a new trial ordered. The issue at the new trial will be the question of whether or not this defendant committed a traffic violation under subdivision 7 of section 11 of the Vehicle and Traffic Law.