Benjamin Gassman, P. J.
Defendant was convicted of the offense of disorderly conduct under subdivision 2 of section 722 of the Penal Law, which provides that “ [a]ny person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned * * * shall be deemed to have committed the offense of disorderly conduct ”, if he “ [a]cts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others ”.
The complaint charges that on December 11, 1957 (while the New York City transit strike was in progress), the defendant was walking up and down on the sidewalk on Tenth Avenue at 211th Street, at or near the subway yard entrance, carrying a sandwich sign on her person bearing the words ‘ ‘ On Strike ’ ’ and distributing leaflets entitled “ The Choice Is Yours ” to pedestrians who were entering or leaving the subway yard premises.
The police officer, who was the only witness for the People testified that he observed the defendant walking along the west side of Tenth Avenue, wearing two placards on her person ‘ ‘ which stated in effect £ On Strike ’, nothing else”. He approached the defendant and told her that he would not permit any picketing in the area. He informed her of an injunction issued by the Supreme Court, restraining picketing in or about the transit facilities of the Transit Authority. The defendant told him that she was in sympathy with the strikers and that she had a right to picket. He then turned away from her and walked back to his post and then observed the defendant handing out leaflets to pedestrians, entitled: ££ The Choice Is Yours ”. He testified: “As I observed, I saw workers walking north towards the subway yard entrance. They were the only ones *543 on the street at the time besides the defendant. * * * Maybe twenty to twenty-five ’ ’. He did not count the number of persons to whom the defendant handed leaflets, but stated: “I would say a haphazard guess — it was ten”. He then placed the defendant under arrest.
The defendant admitted carrying the signs and distributing the leaflets. She testified that she made no noise, did not say anything to the pedestrians and did not obstruct any one’s passage.
Peaceful picketing in a labor dispute is the exercise of a right of free speech guaranteed by the Constitution of the United States, as construed by the United States Supreme Court in American Federation of Labor v. Swing (312 U. S. 321). As was stated in Thornhill v. Alabama (310 U. S. 88,102): “ In the circumstances of our times the dissemination of information concerning the facts of a labor dispute must be regarded as within the area of free discussion that is guaranteed by the Constitution ’ ’. Hence, the act of picketing, alone, did not warrant the defendant’s conviction of disorderly conduct, unless other acts on her part tended to, or were likely to, provoke a breach of the peace.
To constitute disorderly conduct, there must be proof not only that (1) the defendant committed the acts charged, but also that (2) they were committed with intent to provoke a breach of the peace or under circumstances likely to cause a breach of the peace. Each case must depend upon the time, place and circumstances of the act. (People v. Perry, 265 N. Y. 362, 364.) “ The act complained of must at least be one which reasonably does tend to a breach of the peace”. (People v. Nixon, 248 N. Y. 182, 186.)
There is no evidence in the record that the defendant was boisterous or noisy or that she annoyed anyone passing, entering or leaving the subway yards. Nor is there any evidence from which it could reasonably be inferred that a breach of the peace might have resulted. Under the circumstances, the People wholly failed to prove that the acts of the defendant constituted disorderly conduct. (People v. Quesada, 154 Misc. 152.)
The facts in this case are considerably weaker than the facts in People v. Carcel (3 N Y 2d 327) wherein the Court of Appeals, in reversing a conviction under section 722 of the Penal Law, said (p. 332): “ There is absolutely no showing here that the defendants caused any serious annoyance to pedestrians or that their manner was threatening or abusive. Indeed, the only evidence upon which the conviction might be predicated was the arresting officer’s simple statement that the defendants *544 ‘ were blocking the pedestrians ’ right of way ’. That evidence we hold to be insufficient ’ ’.
The judgment should be reversed and the complaint dismissed. Acquavells. and Dunaif, JJ., concur.
Judgment reversed, etc.