Lawrence SCOTT, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Pearl C. EWALD, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Florence Y. CARPENTER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Wilmer J. YOUNG, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3097 thru 3104.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 1, 1962.

Decided Oct. 26, 1962.

850

Richard J. Scupi, Washington, D. C., with whom Hal Witt and James H. Heller, Washington, D. C., were on the brief, for appellants.

Joseph G. Hitselberger, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Judge.

These eight cases have been brought here by four defendants who were convicted under our disorderly conduct statute which makes guilty of the offense,

"Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby * * * congregates with others on a public street and refuses to move on when ordered by the police * * *." Code 1961, § 22–1121(2).

On three occasions appellants appeared at the front or Pennsylvania Avenue side

of the White House, wearing black armbands with white lettering, reading "Bomb Tests Kill People." They stationed themselves just west of the northwest gate of the White House, about 6 or 8 feet apart, with their backs to the White House fence and facing north toward Pennsylvania Avenue. On the first occasion a police captain appeared on the scene and explained to them that they were "incommoding the sidewalk" and would have to move to a larger area between two trees directly in front of the White House, usually reserved for those engaged in picketing. Soon afterwards a police corporal explained several times that they would have to move or be subject to arrest. Their spokesman said they were "taking a peaceful vigil," and several times refused to move from the positions they had taken up, to the larger area. They said they would not move unless arrested, and finally, about an hour and a half after they arrived, they were placed under arrest. What happened on the later occasions was virtually the same: police politely urged appellants to move away from the White House gate to the usual or normal picketing area in front of the White House; appellants refused to move, and were arrested. Defense testimony was that this was "a vigil —a standing in repentance and in prayer," in the hope of ending nuclear testing, and that they had turned to this type of demonstration because they felt the time for "protest and picketing" had passed; also that they did not intend to cause a breach of peace and did not notice any circumstances whereby their conduct was likely to cause a breach of peace.

■ Appellants say that because there was no evidence of an actual breach of peace and no evidence relating to the "breach of peace element" the convictions should be reversed. This argument we cannot approve. It goes without saying that the disorderly conduct statute is violated when there is noisy, riotous or inflammatory behavior provoking a breach of peace. Rockwell v. District of Columbia, D.C. Mun.App., 172 A.2d 549. But there can be a violation of the statute without such extreme conduct.

■ We take judicial notice that the northwest gate of the White House is used by thousands of visitors and others on official business; that just within the gate is a large booth manned by police; and that the police and other security officers are charged with the important duty of protecting the White House and the Presidential family and staff. We also take judicial notice that the area to which appellants were invited and urged to move—that directly in front of the White House—has for many years been used, probably hundreds of times, for picketing purposes.

■ We hold that the police had the right to adopt and enforce reasonable measures to keep the area around the gate free of groups or congregants, and that in the circumstances here present, the government was not required to prove an actual or impending breach of peace. We hold also that in calling on appellants to move from the sensitive small area where they insisted on remaining, the police officers were not ignoring appellants' constitutional or other rights. The police did not demand that appellants refrain from all picketing or demonstrating; the police did require that they do so in a space (much larger and more prominent) away from the White House gate. Of this action appellants have no right to complain. Much has been written on this general subject, and we see no reason for detailed discussion now. We are satisfied that the convictions were in accord with the established principles of law applicable to the situation. See Cox v. State of New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049; People v. Hipple, 263 N.Y. 242, 188 N.E. 725; People v. Galpern, 259 N.Y. 279, 181 N.E. 572, 83 A.L.R. 785; People v. Parker, Magis.Ct., 138 N.Y.S.2d 2; People v. Hussock, Special Sessions, 23 N.Y.S.2d 520, cert. denied, 312 U.S. 659, 61 S.Ct. 733, 85 L.Ed. 1107; People v. Friedman, Magis. Ct., 6 Misc.2d 271, 14 N.Y.S.2d 389.

Appellants present a separate argument to the effect that if the statute on which this prosecution was brought does not require proof of the breach of peace element, it is vague and indefinite, and therefore unconstitutional under the due process clause of the Fifth Amendment to the Constitution. The argument cannot be sustained. The statute as worded does not represent a threat to freedom of speech, religion or assembly. It does no more than give the police the right, within reasonable limitations, to keep the public sidewalks free of unnecessary obstructions and prevent groups from congregating in such a way that a breach of peace may result. The statute is not unconstitutional. Cox v. State of New Hampshire, supra; Frend v. United States, 69 App.D.C. 281, 100 F.2d 691, cert. denied, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040; People v. Hussock, supra.

Judgments affirmed.