McCooe, J.
(dissenting). The issue is the facial sufficiency of the information charging the defendant with disorderly conduct under Penal Law § 240.20 (5).[1] The section reads: “A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof ... 5. He obstructs vehicular or pedestrian traffic . . . .” The evidentiary portion of the information reads:
*96 “Deponent states that he observed defendant along with a number of other individuals standing around at the above location, to wit a public sidewalk, not moving, and that as a result of defendants’ behavior, numerous pedestrians in the area had to walk around defendants.
“Deponent states that deponent directed defendant to move and defendant refused and as deponent attempted to stop defendant, defendant did run.
“Deponent states that while a police officer was attempting to arrest defendant for the above described offense, defendant resisted in that defendant flailed his arms and refused to place his hands behind his back.”
The factual allegations of the accusatory instrument “must meet two conditions: (1) that the allegations provide reasonable cause to believe that the defendant committed the offense (subd [b]) and (2) that nonhearsay allegations establish, if true, every element of the offense charged (subd [c])” (People v Alejandro, 70 NY2d 133, 137 [1987]).
Comparing these requirements with the information highlights its deficiencies. The information lacks sufficient evidence to state a prima facie case or reasonable cause to convict defendant of Penal Law § 240.20 (5). Standing to talk with a few other people on the public sidewalk, even if it requires other pedestrians to walk around him, is commonplace in New York and not disorderly conduct. Mere inconvenience to pedestrians is insufficient. There must be a claim of “serious annoyance” or a “threatening or abusive” manner to pedestrians (People v Carcel, 3 NY2d 327, 332 [1957]; see also People v Nixon, 248 NY 182 [1928]; People v Pearl, 66 Misc 2d 502 [App Term, 1st Dept 1971]). The information fails to demonstrate public inconvenience, annoyance, alarm or intent to cause such a result (People v Munafo, 50 NY2d 326, 331 [1980]).
The cases cited by the majority are distinguishable and generally refer to Penal Law § 240.20 (6),[2] which was never charged in the information, where the defendant failed to “disperse” after being given a lawful order by a police officer. People v To *97 daro (26 NY2d 325 [1970]) affirmed a conviction of disorderly conduct under Penal Law § 240.20 (6) after trial where the defendant failed to move after being requested three times by the police officer within an hour, cursed and threatened the officer. The principal issue in Todaro was not sufficiency of the information but reasonable doubt as to causing public inconvenience, annoyance or alarm. People v Dorton (11 Misc 3d 144[A], 2006 NY Slip Op 50808[U] [App Term, 1st Dept 2006], lv denied 7 NY3d 788 [2006]) was another challenge to the facial sufficiency of the accusatory instrument charging disorderly conduct under Penal Law § 240.20 (5), (6) where the defendant refused to move but sat on the sidewalk from which public inconvenience could be inferred. Matter of James T. (189 AD2d 580 [1st Dept 1993]) was not a challenge to facial sufficiency but to a fact-finding determination where the juvenile refused to move when requested by the police officer, cursed and hit the officer, and then ran.
The judgment of conviction should be reversed and the information dismissed.
McKeon, PJ., and Gangel-Jacob, J., concur; McCooe, J., dissents in a separate memorandum.

. The information charged disorderly conduct under Penal Law § 240.20 (5) and resisting arrest under Penal Law § 205.30. The plea to the disorderly conduct charge (Penal Law § 240.20 [5]) covered both counts.

. Penal Law § 240.20 (6):
“A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof. . .
“6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.”