OPINION OF THE COURT
Heidi C. Cesare, J.
Defendant, charged with two counts of disorderly conduct (Penal Law § 240.20 [5], [6]), now moves to dismiss both counts as facially insufficient pursuant to CPL 170.30 and 170.35. For the reasons set forth, defendant’s motions to dismiss are denied. Defendant’s remaining motions are decided as set forth below.*
A. Procedural History
Defendant was arraigned on September 14, 2015. At arraignment the court released defendant on her own recognizance, set a motion schedule and adjourned the case to November 16, 2015. On October 27, 2015, defendant served and filed her omnibus motion which included motions to dismiss each count of disorderly conduct for facial insufficiency. On November 16, 2015, the parties appeared before the court and the People served and filed their response along with their “voluntary disclosure form.” The court adjourned the case to January 11, 2016 for decision on defendant’s motions.
*915 B. The Allegations
Defendant is charged by information with two counts of disorderly conduct, in violation of Penal Law § 240.20 (5) and (6). The factual allegations are that on July 17, 2015 at about 7:10 p.m., at West 57th Street between Sixth and Seventh Avenues in New York County,
“[Deponent Officer] observed the defendant, along with a group of approximately 300 people in the roadway . . . preventing vehicular traffic from proceeding past the group.
“[Deponent Officer is] further informed by [informant] that he observed a uniformed officer of the New York Police Department giving warnings over the loudspeaker to the group, instructing them to stay on the sidewalk and not to walk in the street. [Deponent Officer is] further informed by [informant] that he observed the defendant ignore the orders by remaining in the street.”
C. Discussion
To be facially sufficient, an information must contain non-hearsay factual allegations providing reasonable cause to believe that the People can prove every element of the crime charged (CPL 100.40 [1] [a]-[c]; see also People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]; People v Case, 42 NY2d 98 [1977]). A court reviewing for facial insufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]). Allegations are sufficient for pleading purposes where they provide adequate notice to enable a defendant to prepare a defense and protect against double jeopardy (People v Kasse, 22 NY3d 1142 [2014]). That other, innocent inferences could possibly be drawn from the facts is irrevelant on this pleading stage inquiry (People v Deegan, 69 NY2d 976, 979 [1987]). A valid information need not disprove every potential defense (People v Cox, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
With respect to the count charging a violation of Penal Law § 240.20 (5), defendant contends that the allegations are insufficient to establish that traffic was seriously obstructed. Penal *916 Law § 240.20 (5) provides that “[a] person is guilty of disorderly conduct when, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof[,] . . . [h]e [or she] obstructs vehicular or pedestrian traffic.” To sufficiently allege a violation of Penal Law § 240.20 (5) the People must allege “something more than a mere inconveniencing” of traffic (People v Carcel, 3 NY2d 327, 332 [1957]).
With respect to the count charging a violation of Penal Law § 240.20 (6), defendant contends that the information is facially insufficient because the allegations fail to establish that the defendant was instructed to “disperse.” Penal Law § 240.20 (6) provides that “[a] person is guilty of disorderly conduct when, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof[,] . . . [h]e [or she] congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.”
The facts set forth in the information establish that defendant was part of a large group of people, approximately 300 in number, who were standing in the roadway of West 57th Street. The group was interfering with traffic to the extent that vehicular traffic could not proceed past the group. A police officer spoke to the group by loudspeaker. The officer instructed the group to stay on the sidewalk and not walk in the street. Defendant ignored this instruction and remained, instead, in the roadway of West 57th Street.
 The court finds that these allegations give reasonable cause to believe that the defendant’s actions along with those of the group of 300 others did block and stop traffic on West 57th Street. This behavior interfered with traffic in a manner that was more significant than mere inconvenience. Accordingly, count one, charging disorderly conduct under Penal Law § 240.20 (5), is sufficiently pleaded. The court also finds that the officer’s instruction to the group that included the defendant to stay on the sidewalk and not walk in the street was essentially an order to disperse from the roadway. These allegations give reasonable cause to believe that the defendant was given an order of the police to disperse. Accordingly, count two, charging disorderly conduct under Penal Law § 240.20 (6), is also sufficiently pleaded. For these reasons, defendant’s motions to dismiss each count in the information are denied.
*917 D. Remaining Motions
Defendant’s motion for pretrial discovery is granted to the extent provided by the People in their voluntary disclosure form.
Defendant’s motion for a bill of particulars is denied.
Defendant’s motion for a Sandoval hearing is deferred to the trial court (People v Sandoval, 34 NY2d 371 [1974]).

 In evaluating defendant’s motions, the court has considered all submissions by the parties, all documents in the court file, and all relevant cases and statutes.