THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT BERG, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, July 6, 1951.

*Samuel Bierman* for appellant.

*Frank S. Hogan, District Attorney (Charles W. Manning of* counsel), for respondent.

OLIVER, J. This judgment should be reversed. The defendant pleaded guilty. I vote to set aside the plea of guilty and to refer the case for trial before a Magistrate.

The minutes of the plea show that after a court attendant in the presence of the Magistrate read the charge to the defendant he also informed the defendant of his rights in the following uninterrupted language: '' You may communicate with relatives or friends by letter or telephone free of charge. You may have counsel at every stage of the proceeding and before any further proceedings. You may have an adjournment to secure counsel or witnesses in your behalf. How do you plead to the charge? '' Defendant: '' Guilty ''.

Let me analyze this proceeding in the light of long experience as a former Magistrate and on the record of this case so plainly setting forth the evil to which I direct attention. Everyone considers that the rights of a defendant in a criminal proceeding must be safeguarded jealously by the court no matter what the charge may be. The practice of long standing in the Magistrates' Courts permits the court attendant to inform the defendant of his rights just as was done in the pending case.

Take the first right. '' You may communicate with relatives or friends by letter or telephone free of charge.'' Was the defendant given the chance to claim that right? No. Then the court attendant without pausing to find out whether the defendant wished to communicate with relatives or friends stated, '' You may have counsel at every stage of the proceedings and before any further proceedings.'' Was the defendant given a chance to claim his right to counsel? No. The court attendant proceeded without hesitation to another right. '' You may have an adjournment to secure counsel or witnesses in your behalf.'' Was the defendant given a chance to claim that right? No. The court attendant proceeded without hesitation to ask, '' How do you plead? '' The defendant answered, '' guilty ''.

It is plain that this manner of notifying a defendant rapidly of his rights without stopping to give him a chance to claim a single one of them reduces the notification to a nullity.

The defendant in this case appeared on his arraignment without counsel. His plea of guilty under these circumstances should be set aside, his sentence vacated and a new hearing granted. The Magistrate in person should notify the defendant of his rights and receive a reply from the defendant on each one of them and the answers should be recorded verbatim by the stenographer. We are fortunate in the scholarship and sense of justice of the Magistrates of our city, who should see to it that an all important function is not delegated to court attendants.

LOSCALZO, J., concurs; PERLMAN, J., taking no part.

Judgment reversed.