THE PEOPLE OF THE CITY OF ROCHESTER, Respondent, *v.* OSCAR WARNKE, Appellant.

County Court, Monroe County, December 15, 1953.

*Sidney J. Salzman* for appellant.

*Clarence J. Henry, District Attorney (John J. Conway* of counsel), for respondent.

O'MARA, J.  The defendant appeals from a judgment of the Criminal Branch of the City Court of Rochester convicting him of operating his automobile at a speed in excess of that authorized by section 70–40 of the Public Safety Ordinances of the City of Rochester.

The defendant was found guilty by the trial court as a result of a trial and the evidence presented fully justifies the finding of guilt.

It is the contention of the defendant as set forth in his appeal affidavit that the judgment of conviction should be reversed upon the ground that the city magistrate at the time of defendant's arraignment failed to give him an opportunity to answer as to whether he desired to claim his right to counsel as provided by section 699 of the Code of Criminal Procedure.  At the time of defendant's arraignment he was advised as follows: " You are accused of driving and operating an automobile upon a public street, to wit: Clifford Avenue, at a rate of speed exceeding 30 miles an hour at Rochester, N. Y. September 5th, 1953. Before you plead to the charge you are entitled to counsel and to an adjournment to consult a lawyer if you wish.  If you plead guilty or are convicted of this offense and such conviction constitutes your third or subsequent conviction of the charge of speeding within 18 months, in addition to any other penalty

which may be imposed, your operator's license or chauffeur's license will be revoked and if you were driving your own car, your registration may be suspended or revoked. A plea of guilty is the same as a conviction after trial.''

Upon the completion of the instructions just quoted the following occurred: '' Court: Do you understand the possible penalty? Defendant: I do. Court: How do you plead? Defendant: Not guilty.''

Upon the defendant entering a plea of not guilty, the case was adjourned to a subsequent date upon which the trial took place and at which time the defendant still appeared without counsel. The defendant did, however, testify in his own behalf.

The question to be determined on this appeal is whether the defendant knew that he was entitled to the advice of counsel before entering his plea. If the court had asked the question, '' Do you want to get the advice of counsel? '' and had the defendant given answer to the said question, the requirements of section 699 could not be questioned. The record shows that the court made certain that the defendant understood the possible penalties insofar as his operator's license and registration were concerned and if the same precaution had been taken in finding out as to whether the defendant desired the aid of counsel, the rights of the defendant would have been fully safeguarded. Even though this defendant was not required to state as to whether he desired the aid of counsel, it is apparent that he was sufficiently informed of said right and that he knew he was entitled to the advice of counsel when he entered his plea of not guilty. I am satisfied that the defendant knew of his right to counsel not only by virtue of the court's instructions but from the fact of his not guilty plea which indicated that he was quite familiar with the proceedings and it appearing from the record that he was twice previously convicted of the same offense in the same court within a period of eighteen months.

If the defendant had entered a plea of guilty upon the conclusion of the court's instructions, and if it appeared that it was his first brush with the law or if the record remained silent as to that fact, I would be inclined to reverse the judgment of conviction for the reason that the said instructions were apparently given without interruption or hesitation and without any opportunity for the defendant to make his wishes known as to whether he desired the aid of counsel.

It seems to me that when a person charged with a criminal offense appears for arraignment without counsel, he should be required to state whether he desires counsel and before any other proceedings are had. It is believed that this was the intent of the Legislature in enacting subdivision 1 of section 699 of the Code of Criminal Procedure. There is certainly no logical reason why there should be one statutory requirement for the arraignment of those charged by indictment from those charged by information. Section 308 of the Code of Criminal Procedure, which applies to arraignments after indictment, states that " If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel ". Sure it is that the crimes set forth in indictments are usually crimes of a much more serious nature than the crimes and offenses set forth in information in Courts of Special Sessions but the seriousness of the offense should not be the criterion in advising the defendant of his rights.

I have been able to find only one reported case in this State on the exact question raised on this appeal and that case was an appeal from the Magistrate's Court to the Court of Special Sessions in the City of New York and is reported under the title of *People* v. *Berg* (200 Misc. 203). In reversing the judgment of conviction, the appellate court made the following statement: " It is plain that this manner of notifying a defendant rapidly of his rights without stopping to give him a chance to claim a single one of them reduces the notification to a nullity."

The judgment of conviction is affirmed.

Submit order accordingly.