Vincent P. Rao, M.
Petition in the nature of a writ of error cor am nobis to vacate a judgment of conviction entered against defendant on April 17, 1957.
Prom an examination of the court records it appears that defendant Joseph Coyle, 26 years of age, and an adolescent were arrested on April 16, 1957 and charged with disorderly conduct in violation of subdivision 8 of section 722 of the Penal Law. On the following day both were arraigned in Adolescent Court, Borough of Manhattan. During the arraignment the defendant Coyle interposed a plea of guilty to the charge and on April 29, 1957 he was sentenced to serve 10 days in the City Prison and the execution of sentence was suspended.
Defendant Coyle makes this application and submits a transcript of the minutes of the entire proceedings to this court on the argument of this motion.
In his moving papers defendant states that following his arrest he was arraigned on April 17, 1957; that he pleaded guilty to the charge; that he did not fully realize what the plea of guilty meant; that he was not unequivocally advised of his rights to be represented by counsel; that defendant did not waive his rights to counsel; that he spoke to an individual who he believed was in some way connected with the court and was advised to plead guilty since no publicity would be forthcoming and that defendant did not need counsel as this was a police offense and not a crime.
The People in opposition to this motion submit an affidavit of an Assistant District Attorney who relying on the presumption of regularity attendant upon judicial proceedings asserts that the defendant was informed of his right to the aid of counsel at every stage of the proceeding’s and of his right to obtain counsel.
It therefore appears that the defendant predicates his motion on two grounds: first, that an unknown person advised defendant to plead guilty; that nothing would come of it; that he really did not need counsel as this was merely a police offense and not a crime. . This allegation involves an opinion of an unknown person and is obviously not a ground recognized for granting a writ of error coram nobis. The second ground advanced by defendant is that he did not realize what the plea of guilty meant; that he was not unequivocally advised of his right to be represented by counsel and that defendant did not waive his right to counsel. If this ground be sustained and defendant has thereby been denied due process, the judgment of conviction should be vacated.
*264 The only error, if determined to be such, appears on the face of the record, that is, in the minutes of the proceedings when defendant was arraigned and concerns itself as to whether defendant was informed of his rights to counsel; whether he was afforded reasonable time to obtain the aid of counsel and whether or not he intelligently waived his right to be represented by counsel.
It has been held that where defendant has been denied due process of law by judicial interference with the right to counsel, he is entitled to the remedy of coram nobis even though the errors appear on the face of the record. (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Koch, 299 N. Y. 378, 381.)
During the argument of the motion the People conceded that the transcript of the minutes submitted with the moving papers was a true and correct record of the entire proceedings. Since any dispute as to the facts were resolved by this arid other concessions made on behalf of the People and there remains only an issue of law for the court to decide, no hearing is necessary. (People v. Richetti, 302 N. Y. 290; People v. Sardo, 15 Misc 2d 69.)
The minutes of the proceedings that took place at the time of defendant’s arraignment disclose the following:
£ ‘ The Court Officers having read the charge verbatim to the defendant, then addressed the defendant as follows:
‘ ‘ Court Officer: In this charge you have a right to communicate with your friends or relatives free of charge by letter or telephone, if you’d like an adjournment to get a lawyer, to bring witnesses to court — the Judge will speak to you.
££ The Court: Coyle, you’re twenty-six?
££ Defendant (Coyle): Yes, sir.
“ The Court: Nash, you’re twenty?
££ Defendant (Nash): Yes, sir.
££ The Court: Will you be able to get yourselves lawyers? Either of you?
££ Defendant (Coyle): I don’t know.
££ Defendant (Nash): I don’t know.
‘£ The Court: Any family or friends that you want to talk with before you want to do anything on this case?
££ Court Officer: He’s supposed to have a friend. Nobody has shown this morning. Your name has been called outside.
££ The Court: Now, if you want, I can appoint you a Legal Aid lawyer. You can have him for free.' Do you want to talk to the Legal Aid — and do you know what this is all about? You’ll have to plead either guilty or not guilty.
*265 “ Defendant (Coyle): Do we have to have a lawyer?
“ The Court: You don’t have to have a lawyer, but you, I can have a legal aid lawyer. You know whether you’re guilty or not?
“ Defendant (Coyle): Guilty, no doubt.
“ The Court: You’re both guilty?
“ Defendant (Coyle): Yes.”
Although the defendant was advised of his right to counsel, it cannot be said, in view of the court’s insistence that defendant interpose a plea that defendant intelligently waived such right. This manner of notifying defendant has been held to constitute reversible error. (People v. Berg, 200 Misc. 203; People v. Marincic, 2 N Y 2d 181.)
The defendant has the right guaranteed to him under both the State and Federal Constitutions to defend in person or with counsel of his own choosing. (U. S. Const., 14th Arndt.; N. Y. Const., art. I, § 6.) This same guarantee is also found in section 8 of the Code of Criminal Procedure and both this section and section 6 of article I of the State Constitution have been implemented by the provisions of section 699 of the Code of Criminal Procedure. Section 699 makes it mandatory upon the Magistrate in cases involving misdemeanors and offenses to inform the defendant of his right to the aid of counsel, in every stage of the proceedings and before any proceedings are had and to allow the defendant a reasonable time to obtain counsel.
The applicable portions of section 699 of the Code of Criminal Procedure read as follows:
“1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
“ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.
“3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as *266 otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.”
We refer to the proceedings on the arraignment of the defendant and we find that the petitioning defendant was read the charge by the court officer who without pausing then advised defendant of his right to communicate with friends or relatives free of charge by letter or telephone, if he would like an adjournment to get a lawyer, to bring witnesses to court — and then without receiving an opportunity to answer defendant was advised that the Judge would speak to him. Each time the court did advise the defendant of his right to the aid of counsel it insisted that defendant interpose a plea of guilty or not guilty. At no time was defendant notified by the Presiding Magistrate of his right to an adjournment for the purpose of obtaining counsel.
It may be argued that the court officer had properly advised the defendant of his right to an adjournment to obtain counsel, having been delegated that duty by the Magistrate. However, a reading of the provisions of section 699 makes it clear that it is mandatory upon the Magistrate to so advise the defendant. (People v. Banner, 5 N Y 2d 109.)
In the instant case, therefore, it is this court’s opinion that this defendant was not fully and properly informed of his rights in accordance with the provisions of section 699 of the Code of Criminal Procedure. The Magistrate, having failed to notify the defendant of his right to an adjournment for the purpose of obtaining the aid of counsel and having failed to give defendant a reasonable opportunity to ask for counsel and ask for such adjournment before being forced to plead was thereby denied fundamental rights of due process guaranteed to him by statute and by both State and Federal Constitutions. (Johnson v. Zerbst, 304 U. S. 458; People v. McLaughlin, 291 N. Y. 480; Matter of Bojinoff v. People, 299 N. Y. 145, supra; People v. Marincic, 2 N Y 2d 181, supra; People v. Banner, supra.)
Defendant’s motion for a writ of error coram nobis and to vacate the judgment of conviction is granted.