William E. Ringel, J.
The defendant appeals from his conviction of disorderly conduct (Penal Law, § 722, subd. 2). He was arrested at 8:00 p.m., and arraigned, tried and convicted in Night Court (New York City Magistrates’ Court) within a few hours after his arrest. He was not represented by counsel.
While it cannot be concluded as a matter of law from the complaint and the evidence adduced at the trial below, that the defendant’s guilt may not have been established beyond a reasonable doubt (People v. Hipple, 263 N. Y. 242; People v. Sadowsky, 149 Misc. 583; People ex rel. Conley v. Frank, 245 App. Div. 777; People v. Hussock, 6 Misc 2d 182, cert. denied 312 U. S. 659), serious errors committed at the arraignment and trial require a reversal of the conviction and a new trial.
As to the defendant’s arraignment, section 699 of the Code of Criminal Procedure requires that “ the magistrate must immediately inform ” the defendant “of the charge against him and of his right to the aid of counsel in every stage of the *690 proceedings, and before any further proceedings are had'”, and ‘ ‘ must allow the defendant a reasonable time to send for counsel, and adjourn the proceeding’s for that purpose.”
The form of notification to a defendant in our Magistrates’ Court, commendably, goes even further than section 699 of the code and includes the right by a defendant to communicate with relatives or friends by letter or telephone free of charge. As an additional precaution, a printed statement of those rights appears on the back of the Magistrates ’ Court complaint, which the Presiding Magistrate signs as verification by him that defendant had been duly apprised of his rights on arraignment.
It is not disputed that the defendant was apprised of these rights and the record clearly shows that he was. The real dispute here arises out of the contention that advising defendant of Ms rights in tMs case was a complete nullity in that he was given no opportunity to claim any of those rights. The trial records discloses that it was the court attendant who actually advised the defendant of his rights and not the Magistrate presiding. The propriety of this action is also questioned. The minutos show the following:
“Court Officer: On this charge yon have the right to communicate [etc.] What do you wish to do?
I The Defendant; I aslc you, as your Honor, I am standing before you * * *.
II The Court: How do you plead ? ’ ’
It is of no great moment here whether or not the Presiding Magistrate must personally advise a defendant of his rights, or whether a court attendant may he delegated to do so (a practice, incidentally, which has long existed in our Magistrates* Court; People v. Coyle, 18 Misc 2d 262); but what is of great moment is that the defendant must not only be advised of these rights, but that the Presiding Magistrate must make it clear that such are the defendant’s rights ” and further that he give the defendant a reasonable opportunity to exercise those rights “ before being required to plead to the charges against him”.
'The recital of these rights to a defendant on arraignment is no mere ritual of legal mumfeo jumbo. They are substantial rights, which may not be waived by a defendant except in41 cases involving certain traffic infractions only*’ (People v. Scott, 3 N Y 2d 148, 153).
As the court stated in the recent case of People v. Banner (5 N Y 2d 109, 110): “It is settled that a defendant upon his arraignment must be advised not only of his right to counsel,. but also of his right to a postponement of the proceeding's in *691 order to enable Mm to obtain and consult with counsel; and, of course, he must be given a reasonable opportunity to ask for counsel and such adjournment before being required to plead to the charge against him (Code Crim. Pro., § 699; see People v. Marincic, 2 N Y 2d 181). And, to render the applicable statutory provisions meaningful and effective, this court recently declared in the Marincic case (2 N Y 2d, at p. 184) the judge presiding ‘ must make it clear ’ that such are the defendant’s rights.”
The action of the learned court below in requiring defendant to plead, under the circumstances herein, was error.
One other contention raised by defendant on this appeal requires consideration. Defendant claims he was coerced by the court into taking the witness stand and testifying; that the action of the court violated section 6 of article I of the State Constitution and nullified the admonition given him by the court as provided in section 393 of the Code of Criminal Procedure.
The trial minutes disclose the following at the conclusion of the People’s case:
“ The Court: People’s case. Now, want to tell your side of the story?
‘ ‘ The Defendant: I will tell you my story.
“ The Court: Now, I want to advise you, Mister, you do not have to testify in your own behalf if you do not wish to, and I may not draw an inference from the fact that you do not testify in your own behalf. However, if you do not testify I can consider that the statements made by the police officer remain unanswered. Now it is up to you.
“ The Defendant: Very good, Your Honor. I don’t even know Your Honor’s name.
“ The Court: Stand up.”
The defendant was thereupon sworn. He testified and the conviction herein, followed. The admonition given by the court beginning with the words “ Now, I want to advise you ” and ending with “ I may not draw an inference from the fact ”, etc., was a proper admonition. However, the addition of the sentence, ‘ ‘ However, if you do not testify I can consider that the statements made by the police officer remain unanswered. Now, it is up to you,” nullified the entire proper admonition and, in effect compelled the defendant to testify in his own behalf.
Section 393 of the Code of Criminal Procedure states: “ The defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal to testify, does not create any presumption against him. ’ ’
*692 This language is clear and simple. Departure from that language, or explanations or embellishments thereof, no matter how well-intentioned, often leads to reversible error. (People v. Fitzgerald, 156 N. Y. 253, 266; People v. Forte, 277 N. Y. 440.)
The judgment should be reversed and a new trial ordered. Fine ordered remitted. Case remanded to the Magistrates’ Court for appropriate disposition.
Gassman, P. J. and Loscalzo, J. concur.
Judgment reversed, etc.