Per Curiam.

As the District Attorney concedes, the evidence was insufficient to warrant the conviction for violating subdivision 5 of section 240.20 of the Penal Law. Something more than the temporary inconvenience caused to pedestrians by the demonstrators’ blocking of the west crosswalk, requiring them *503 to enter the roadway to get to the other side, was required to sustain a conviction for obstructing pedestrian traffic (People v. Nixon, 248 N. Y. 182,187-188 ; People v. Carcel, 3 N Y 2d 327, 332).
However, under the circumstances shown, the continued blocking of that crosswalk by the demonstrators became an offense under subdivision 6 of section 240.20 of the Penal Law, when they, including this defendant, refused to comply with a lawful order of the police officer to move on to the east side of the street, where barricades for that purpose had been set up (People v. Nixon, supra, pp. 188-189 ; People v. Galpern, 259 N. Y. 279, 284-285 ; People v. Todaro, 26 N Y 2d 325, 328-329).
There is no unconstitutional infringement of the rights of free speech and assembly when governmental authorities regulate by reasonable, appropriate and nondiscriminatory measures the time, place and manner of use of the streets for public assemblies in the interest of maintaining public order and keeping the streets open and available for movement (Cox v. Louisiana, 379 U. S. 536, 554-558).
The facts here are to be distinguished from those shown in People v. Anderson (N. Y. L. J., Oct. 30, 1969, p. 2, col. 2 [App. Term, First Dept.]). There the protest demonstration took place in the early hours of the morning, with no interference whatever to vehicular or pedestrian traffic, and the police order would have removed the demonstrators to a place removed from the target of the protest. Here there was some obstruction of pedestrian traffic at 8:00 p.m. which, if permitted to continue, would increasingly have become a serious annoyance to pedestrians, and the police order was merely to move across the street to the place designated for the demonstrators.
Defendant was not deprived of a “ public ’ ’ trial. Although a more specific and complete record should have been made with respect to the trial court’s ruling excluding from the courtroom the group of similarly charged demonstrators, it is evident from the court’s statement, the factual content of which was not challenged, that this small courtroom could not accommodate the overflow crowd present and that the Judge has ascertained that the overflow was due to the presence of such group. Under such circumstances the ruling was within 1 ‘ the inherent power of the court to preserve order and decorum ” (People v. Jelke, 308 N. Y. 56, 63) and “ for a good reason related directly to the management of the trial ” (People v. Hagan, 24 N Y 2d 395, 397).
The judgment of conviction for violating subdivision 5 of section 240.20 of the Penal Law should be reversed on the law and *504 facts, and the complaint with respect to such charge dismissed. The judgment of conviction for violating subdivision 6 of section 240.20 of the Penal Law should be affirmed.
Concur — Gold, J. P., Quinn and Lupia.no, JJ.
Judgment of conviction for violating subdivision 5 of section 240.20 of the Penal Law reversed, etc. Judgment of conviction for violating subdivision 6 of section 240.20 of the Penal Law affirmed, etc.