*418 OPINION OF THE COURT
Leonard N. Cohen, J.
Plaintiff, Kathleen Thompson, moves by show cause order for a preliminary injunction to enjoin defendant, the Police Department of the City of New York (the Police Department), from interfering with "sidewalk counselling” by placing a single police barricade in front of the building entrance at 38-40 East 30th Street, New York, New York (the building). The underlying action seeks permanent injunctive relief. Defendant cross-moves for summary judgment.
The Eastern Women’s Center (the Clinic) is a women’s health clinic in the building which performs legal abortions. The building, located on a busy mixed residential and commercial block, is occupied by other tenants including the Manhattan Kidney Center and the Training Institute for Mental Health. Plaintiff is one of a group of individuals who regularly appear in front of the building to participate in what plaintiff characterizes as "sidewalk counselling”. According to plaintiff, "sidewalk counselling” consists of speaking and handing out literature to women on the sidewalk in an attempt "to dissuade them from having an abortion”. In July 1989, the Police Department set up a single police barricade in front of the entrance to the building, positioned about eight feet from the door and parallel to the sidewalk. The area, blocked by the barricade, is a rectangle of approximately 8 by 15 feet. All demonstrators including "sidewalk counsellors” are directed by the Police Department to stand behind the barricade.
Plaintiff claims that the barricade has unconstitutionally limited her First Amendment right to free speech and peaceable assembly, as she is prevented from moving along the sidewalk directly in front of the building entrance and speaking to women to dissuade them from having abortions. Plaintiff contends that her activities do not involve demonstrating, harassment, picketing, shouting or blocking the entrance to the building. Rather, plaintiff argues that she and 3 or 4 other persons merely attempt to speak to those women who are willing to listen about the facts concerning abortion and "to dissuade” them from entering the building to have legal abortions. Plaintiff alleges that she was recently arrested in front of the building and charged with disorderly conduct for refusing to stand behind the barricade.
In opposition to plaintiff’s motion and in support of its cross *419 motion, the Police Department claims that the use of the barricade in front of the building is a justifiable exercise of police power and does not deprive plaintiff or other "counsellors” of their First Amendment rights. Affidavits by members of the Police Department, Sergeant Steven Miller and Captain William Allee, indicate that, in the past, altercations have occurred between antiabortion "counsellors” and patients of the Clinic and their prochoice escorts in front of the building. According to Police Sergeant Steven Miller, "the sidewalk counsellors sometimes grab people by the arm. They shout, chant and yell. They thrust literature in people’s faces, and sometimes block the doorway of the building.”
Affidavits by Anne Walshe, the administrator of the Clinic, and Karen Figler, a therapist at the Training Institute for Mental Health in the building, support this description of the actions of the "sidewalk counsellors”. An affidavit by Coe Perkinson, a resident near the Clinic and a volunteer pro-choice NOW-NYC escort, alleges that in the past the "sidewalk counsellors” have physically accosted and bodily obstructed people walking on the sidewalk in front of the Clinic and blocking the doorway. The prochoice escorts, it is alleged, stand outside the barricade wearing identifying badges and wait for patients to approach them to be accompanied to the Clinic.
Sergeant Miller also states that his precinct has received a substantial increase in complaints about the "sidewalk counsellors” from personnel in the Clinic, other tenants in the building, patients of the Clinic and residents of the block. Under these circumstances, defendant contends that the single barricade set up in front of the building in July 1989 is necessary to minimize the potential for violent confrontation, to maintain the smooth flow of pedestrian traffic along the sidewalk and to protect individuals from being harassed.
With respect to plaintiff’s claim that her freedom of speech and assembly are limited by the barricade, defendant argues that the barricade does not prevent plaintiff and other "sidewalk counsellors” from moving about and expressing their message. The barricade is a standard wooden police barrier approximately eight feet from the five-foot-wide building door and set up parallel to and about four feet from the curb. Neither the antiabortion counsellors nor the prochoice escorts are permitted to stand between the barricade and the building. Defendant points out that plaintiff and other "counsellors” are free to speak and hand out literature from behind *420 the barricade or beyond the barricade on either side of the entrance to the building and approach people on the sidewalk on either side of the barricade. Therefore, defendant maintains that plaintiff’s right of free speech has not been violated.
The right to limit freedom of speech and to assemble on a public sidewalk is sharply restricted to those governmental regulations which are necessary to serve a compelling State interest and are narrowly drawn to achieve that purpose (Olivieri v Ward, 801 F2d 602, 605 [2d Cir 1986], cert denied 480 US 917 [1987]). The First Amendment is not absolute and does not guarantee the right to express one’s views "at all times and places or in any manner that may be desired” (Heffron v International Socy. for Krishna Consciousness, 452 US 640, 647 [1981]). Activities of "sidewalk counsellors” such as plaintiff are subject to reasonable time, place and manner restrictions (Clark v Community for Creative Non-Violence, 468 US 288, 293 [1984]; Heffron v International Socy. for Krishna Consciousness, supra; Grayned v City of Rockford, 408 US 104, 115). Such restrictions are valid as long as they are: (1) content-neutral; (2) narrowly tailored to meet a significant governmental interest and end; and (3) leave open ample alternative means of communication (Clark v Community for Creative Non-Violence, supra, at 293; Olivieri v Ward, supra, at 605).
The use of police barricades has been recognized as a reasonable limitation of First Amendment rights as long as the aforementioned three-pronged test is satisfied (see, Olivieri v Ward, supra; People v Maher, 137 Misc 2d 162; People v Pearl, 66 Misc 2d 502). Under all of the circumstances herein, this court finds that the use of one police barricade situated eight feet from the entrance to the building is reasonable and satisfies the three-pronged test and, therefore, does not infringe on plaintiff’s First Amendment rights.
The placement of the barricade here is content-neutral and imposes only a minimal reasonable inhibition on plaintiff’s ability to communicate her ideas. There is no evidence that the barricade has an adverse effect on plaintiff’s message or her ability to be heard and to "counsel” women on the sidewalk. Plaintiff and other "counsellors” are free to say whatever they choose and to hand out literature to passersby anywhere in the area surrounding the building with the exception of the 8-by-15-foot rectangle directly in front of the entrance. Moreover, the prohibition on blocking the door is not being applied only to plaintiff and other "sidewalk coun *421 sellers”. Any prochoice escort or demonstrator, regardless of belief, is required to stand behind the barricade to avoid disruption of the free flow of pedestrian traffic on the public sidewalk and to preserve the public peace.
Further, there is a substantial government interest in keeping the sidewalk uncongested and avoiding the potential for violence. Pursuant to New York City Charter § 435, the Police Department "shall have the power and it shall be their duty to preserve the public peace * * * [and] control and restrict the movement of * * * pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health”. There is no question that abortion is a volatile issue. The affidavits by the police officers and other individuals who work in the building or on the block indicate that there is a likelihood of physical conflict in the area outside of the building entranceway and, indeed, that confrontations have occurred here. This court is also mindful of the interests of the patients of this Clinic and the other facilities in the building as well as the citizens who live and work on this street. These individuals have a right to receive health care, reach their places of employment and walk down the street unimpeded. Under these circumstances, the Police Department has properly exercised its power to maintain public order and regulate the safety of the public on the sidewalk by the reasonable placement of the police barricade in front of the entrance to the building.
It is noted that the cases relied on by plaintiff (Parkmed Co. v Pro-Life Counselling, 91 AD2d 551; O. B. G. Y. N. Assns. v Birthright of Brooklyn & Queens, 64 AD2d 894) support the determination herein. Both of these matters involved demonstrations/ counselling in front of abortion clinics. The preliminary injunctions granted therein expressly, prohibited the demonstrators from blocking the entrance to the clinics. The preliminary injunction in Parkmed specifically prohibited harassment of individuals entering or exiting the premises.
Based on the foregoing, plaintiffs motion for a preliminary injunction barring the Police Department from placing a barricade in front of the building as currently exists is denied. In order to prevail on an application for preliminary injunctive relief, movant must demonstrate (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the grant of a preliminary injunction; and (3) that a balancing of equities favors movant’s position (Grant Co. v Srogi, 52 NY2d 496).
*422 As plaintiff has failed to show that her First Amendment rights to free speech and assembly have been violated, plaintiff cannot demonstrate a likelihood of success on the merits. Nor has plaintiff alleged any irreparable injury absent a grant of the preliminary injunction. Although a single police barricade prevents plaintiff from standing directly in the entrance of the building, she is able to communicate her ideas freely from behind or bn either side of the barricade. Finally, the balancing of the equities weighs in favor of the Police Department’s interest in maintaining peace and free movement on the public sidewalk.
With respect to defendant’s cross motion for summary judgment, plaintiff’s complaint seeks to permanently enjoin defendant from placing a barricade in front of the building on the grounds that her right to free speech is violated. This court has determined that the Police Department’s placement of a barricade in front of the Clinic is a justifiable exercise of the municipality’s police power and does not infringe on plaintiff’s First Amendment right to free speech. Therefore, defendant’s cross motion for summary judgment is granted.
Accordingly, plaintiff’s motion for a preliminary injunction is denied and defendant’s cross motion for summary judgment dismissing the complaint is granted.