*95 OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered June 13, 2004, affirmed.
The information charging defendant with disorderly conduct stated that, on June 12, 2004, at approximately 2:00 a.m., defendant, “along with a number of other individuals,” was observed at West 42nd Street and Seventh Avenue in Manhattan, “standing around” on the sidewalk, “not moving”; that in result “numerous pedestrians in the area had to walk around defendant”; and that defendant fled after initially refusing to move when requested to do so by police. These allegations, “given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to make out a prima facie case of disorderly conduct (Penal Law § 240.20 [5]; see People v Dorton, 11 Misc 3d 144[A], 2006 NY Slip Op 50808[U] [App Term, 1st Dept 2006], lv denied 7 NY3d 788 [2006]; see also People v Todaro, 26 NY2d 325, 328-329 [1970]; Matter of James T., 189 AD2d 580 [1993]). Even if the factual allegations set forth in the information are fairly described as “bare boned,” they were legally sufficient to support the disorderly conduct charge (see generally People v Allen, 92 NY2d 378, 385 [1998]; cf. People v Ocasio, 2002 NY Slip Op 50071[U], *3 [App Term, 1st Dept 2002] [information lacked any evidentiary facts, merely tracking the general language of Penal Law § 240.20 in stating that defendant was “disorderly”]).
Contrary to defendant’s contention, the accusatory instrument is not jurisdictionally infirm due to the absence of specific allegations concerning the precise number of pedestrians affected by his conduct or the degree of inconvenience or annoyance experienced by such pedestrians, matters which were best left for the trial that defendant eschewed through his guilty plea.