OPINION OF THE COURT
Lynn R. Kotler, J.
On March 17, 2012, the defendant was arrested in connection with police response to protest activities regarding Occupy Wall Street (OWS). Defense counsel explains in his affirmation that
*571 “OWS has changed the national conversation about the economy and the state of our political system. As mainstream media voices have acknowledged, [OWS] ‘embodies a national frustration with broken democratic institutions.’ [OWS] has ‘lofted the issue of inequality onto our national agenda’ and the voices of [OWS] resonate ‘around the globe’ ” (citations omitted).
The defendant is charged with resisting arrest (Penal Law § 205.30) and two counts of disorderly conduct (Penal Law § 240.20 [5], [6]). He now moves to dismiss the information on the following grounds: (1) in the interest of justice pursuant to CPL 170.30 (1) (g) and 170.40 (see People v Clayton, 41 AD2d 204 [2d Dept 1973]); and (2) because it is facially insufficient.
The defendant also moves for an order: (1) suppressing physical and/or testimonial evidence or, alternatively, granting a Mapp/Dunaway hearing; (2) suppressing noticed statements allegedly made by the defendant or, alternatively, granting a Huntley hearing; (3) precluding the prosecution from introducing evidence of any statement or identification at trial for which proper notice has not been given; (4) precluding the prosecution from introducing evidence of the defendant’s prior criminal history or prior uncharged criminal, vicious, or immoral conduct; and (5) directing the People to file a bill of particulars and permit discovery. The People oppose the motion to dismiss and are silent on the balance of the defendant’s motion.
The following facts are alleged in the accusatory instrument. On March 17, 2012 at about 14:25 hours, opposite of 1 Liberty Plaza, New York, New York, Lieutenant Frank Viviano observed the defendant obstructing pedestrian traffic. Lieutenant Viviano specifically observed the defendant “standing on a public sidewalk, congregating with others and jumping up and down thereby causing people to walk around the defendant and into the street to pass by.” Lieutenant Viviano states that he observed Deputy Inspector Edward Winski give an order to disperse and that the defendant remained in the same area and refused to move on.
Lieutenant Viviano further states that when he was placing the defendant under arrest, the defendant pulled his arm away from Lieutenant Viviano and “refused to place [his] arms behind [his] back, thereby making it difficult for [Lieutenant Viviano] to handcuff defendant.”
Facial Sufficiency
*572 To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged (CPL 100.15 [3]; 100.40 [1] [b]; 70.10). These facts must be supported by nonhearsay allegations which, if true, establish every element of the offenses (CPL 100.40 [1] [c]). An information which fails to satisfy these requirements is jurisdictionally defective (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
In reviewing an accusatory instrument for facial sufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). Moreover, the Court of Appeals has held that at the pleading stage, all that is needed is that the factual allegations are sufficiently evidentiary in character and tend to support the charges (People v Allen, 92 NY2d 378, 385 [1998]).
Disorderly Conduct — Blocking Vehicular or Pedestrian Traffic
Under Penal Law § 240.20 (5), ‘‘[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e obstructs vehicular or pedestrian traffic.”
The defendant argues that the allegations fail to establish that the defendant “caused or recklessly created the risk of any criminally significant obstruction of traffic or other serious public ramification.” The defendant maintains that the alleged conduct must “threaten serious public ramifications beyond slowing and/or otherwise discommoding some pedestrian or vehicular traffic.” This is a correct statement of the law. In People v Jones (9 NY3d 259 [2007]), the Court of Appeals reversed the Supreme Court, Appellate Term, First Department (13 Misc 3d 94 [2006]), holding that a similar information was facially insufficient. In Jones, the defendant was observed by the arresting officer “with a number of other individuals standing around at the above location, to wit a public sidewalk, not moving, and that as a result of defendants’ [sic] behavior, numerous pedestrians in the area had to walk around defendants [sic]” (9 NY3d at 261). The arresting officer allegedly directed the defendant “to move and defendant refused and as [the officer] attempted to stop defendant, defendant did run” (id.). The Jones Court found that these allegations were insufficient because:
*573 “Nothing in the information indicates how defendant, when he stood in the middle of a sidewalk at 2:01 a.m., had the intent to or recklessly created a risk of causing ‘public inconvenience, annoyance or alarm.’ The conduct sought to be deterred under the statute is ‘considerably more serious than the apparently innocent’ conduct of defendant here. Something more than a mere inconvenience of pedestrians is required to support the charge. Otherwise, any person who happens to stop on a sidewalk — whether to greet another, to seek directions or simply to regain one’s bearings — would be subject to prosecution under this statute” (Jones at 262-263 [citations omitted]).
Here, the allegations that Lieutenant Viviano observed the defendant with a group of other individuals, jumping up and down on a public sidewalk at 2:25 p.m., thereby causing pedestrians to walk around the defendant and into the street to pass by, are not enough at this stage to meet the People’s pleading burden. The mere fact that the defendant was “jumping up and down” or that this conduct occurred in the afternoon, without more facts, does not establish that the defendant caused “public inconvenience, annoyance or alarm” or demonstrate the requisite mens rea to violate Penal Law § 240.20 (5).
The People argue that this case is analogous to People v James (7 Misc 3d 363 [Crim Ct, NY County 2005]). However, the very specific factual allegations in that case are readily distinguishable from the allegations here. In that case, the defendant was observed by the arresting officers with a group of over 100 other individuals walking on the street and sidewalk from 17th Street towards Fifth Avenue and the defendant stopped behind a police barricade and caused public inconvenience by obstructing pedestrian and vehicular traffic.
The Honorable Ellen Gesmer wrote in People v Barrett that factors which should be considered on a motion to dismiss a Penal Law § 240.20 (5) charge for facial insufficiency include: “(1) the extent to which defendant’s conduct annoyed others; (2) whether defendant persisted in the conduct after warnings by others or the police; (3) whether defendant’s conduct created at least the risk that disorder might result; and (4) whether defendant’s conduct occurred in a public place” (13 Misc 3d 929, 944-945 [Crim Ct, NY County 2006], citing People v Maher, 137 Misc 2d 162, 168 [Crim Ct, NY County 1987], affd 142 Misc 2d 977 [App Term, 1st Dept 1989], lv denied 74 NY2d 794 [1989]).
*574 The People argue that these factors are all clearly alleged in the information:
“[1] pedestrian traffic was impeded on a busy walkway, in the heart of the financial district downtown; [2] the defendant and the separately charged defendants did not move after being advised by the police that their conduct was causing traffic to be impeded; [3] the ‘fact of disorder,’ insofar as pedestrian traffic was disrupted, did actually result; and, finally [4] the place the defendant chose to situate himself was in the [sic] opposite of 1 Liberty Plaza, otherwise known as Zuccotti Park — a location likely chosen precisely because of its public nature” (citation omitted).
The court disagrees with the People’s characterization of the allegations. All of the aforementioned factors are unknown here, with the exception that the defendant’s alleged conduct occurred in a public place.
The facts which would meet the first factor identified in Barrett, the extent to which the defendant’s conduct annoyed others, are insufficient. The People merely allege that the defendant’s conduct “caused disruption of the normal flow of traffic and people to express alarm.” So an unknown quantity of people walked around the defendant and into the street. Even if the defendant engaged in said conduct “on a busy walkway, in the heart of the financial district downtown” as the People contend, “[s]omething more than a mere inconvenience of pedestrians is required to support the charge” (Jones at 262; see e.g. People v Pearl, 66 Misc 2d 502, 502 [App Term, 1st Dept 1971] [“Something more than the temporary inconvenience caused to pedestrians by the demonstrators’ blocking of the west crosswalk, requiring them to enter the roadway to get to the other side, was required to sustain a conviction for obstructing pedestrian traffic”]). Otherwise, the assertion that an unknown quantity of people expressed alarm is conclusory because it does not set forth specific facts substantiating the allegation.
Contrary to the People’s position, there are no allegations that the defendant did not move after being advised that his conduct was causing traffic to be impeded. Finally, the facts showing that a “risk [of] disorder” did or could result from the defendant’s conduct is entirely absent from the information as well. Mere pedestrian inconvenience is not necessarily a “risk [of] disorder” (cf. People v James).
*575 Accordingly, the Penal Law § 240.20 (5) charge must be dismissed because it is facially insufficient.
The defendant contends that this charge is unconstitutional as applied, using free speech jurisprudence to support that argument. However, “[cjourts should not decide constitutional questions when a case can be disposed of on a nonconstitutional ground” (Matter of Beach v Shanley, 62 NY2d 241, 254 [1984]). Since the court finds that the Penal Law § 240.20 (5) charge is facially insufficient, it declines to address the defendant’s as-applied constitutional challenge to this charge.
Disorderly Conduct: Refuse Lawful Order to Disperse
Penal Law § 240.20 (6) provides that “[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.” [2] The defendant argues that this charge is insufficient because the information fails to set forth sufficient facts to establish that Deputy Inspector Winski gave a lawful order to disperse, that the defendant had a meaningful opportunity to comply with it and that the defendant refused to do so. This argument fails. The allegation that Lieutenant Viviano observed Deputy Inspector Winski give an order to disperse and that the defendant remained in the same area and refused to move on is sufficient at this stage to meet the People’s pleading burden (see People v Galpern, 259 NY 279 [1932]).
Nor has the defendant established that his constitutional rights were violated by the police on this motion. Rather, these are claims that require fact-finding and cannot be determined on a pretrial motion to dismiss for facial insufficiency (see e.g. People v Maher; People v Nixon, 248 NY 182 [1928]).
“There is no unconstitutional infringement of the rights of free speech and assembly when governmental authorities regulate by reasonable, appropriate and nondiscriminatory measures the time, place and manner of use of the streets for public assemblies in the interest of maintaining public order and keeping the streets open and available for movement” (People v Pearl, 66 Misc 2d 502, 503 [App Term, 1st Dept 1971], citing Cox v Louisiana, 379 US 536 [1965]).
The court rejects each of his arguments that (1) the accusatory instrument describes content-based governmental restrictions *576 on protected speech and conduct; (2) the accusatory instrument “fails as a content-neutral time place or manner restriction” on his exercise of First Amendment rights; and (3) that because the defendant was engaged in a protest, he could not have had the requisite mens rea to engage in anything other than “innocent (and indeed protected) conduct.”
First, the defendant’s claims that the police were merely targeting him because of his status as a member of OWS or based upon the content of his speech fail insofar as the allegations are merely that the defendant occupied a portion of the public sidewalk along with a group of people and refused to comply with a lawful order to disperse. Nor has the defendant established that the police officer’s order to disperse was unlawful. Deputy Inspector Winski gave an order to disperse, not to stop speaking. Otherwise, the allegations do not indicate any arbitrariness on the part of Deputy Inspector Winski (see e.g. People v Todaro, 26 NY2d 325 [1970]). Finally, the mens rea element of Penal Law § 240.20 (6) can reasonably be drawn from the defendant’s conduct.
Accordingly, the defendant’s motion to dismiss the Penal Law § 240.20 (6) charge as facially insufficient is denied.
Resisting Arrest
Under Penal Law § 205.30, “[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” The defendant argues that the arrest was not authorized and that the information fails to establish that the defendant engaged in an “affirmative resistant act.” Both arguments fail.
Since the court has already found the Penal Law § 240.20 (6) charge facially sufficient, the arrest was authorized because it was premised upon probable cause. Further, the allegation that the defendant refused to place his hands behind his back, thereby making it difficult for the arresting officer to handcuff him is enough to establish the necessary elements of Penal Law § 205.30. Accordingly, the motion to dismiss this charge as facially insufficient is also denied.
Clayton Motion
A court has the discretion to dismiss in the interest of justice even when there is no basis for such dismissal as a matter of law. Under CPL 170.40 (1),
“when, even though there may be no basis for dis *577 missal as a matter of law . . . such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant . . . would constitute or result in injustice.”
A dismissal in the interests of justice involves a sensitive balance between the individual and the State (People v Clayton, 41 AD2d 204 [2d Dept 1973]). Dismissal in furtherance of justice should be “exercised sparingly” and only in the rare case where there is a “compelling factor” which clearly demonstrates that continued prosecution would be an injustice (People v M.R., 43 AD3d 1188, 1188 [2d Dept 2007]; see also People v Beige, 41 NY2d 60, 62-63 [1976]; People v Sherman, 35 AD3d 768 [2d Dept 2006]).
A motion to dismiss in the interest of justice should not be used as a substitute for a trial or when the motion merely raises a trial defense (People v Rahmen, 302 AD2d 408 [2d Dept 2003]; People v Lagnese, 236 AD2d 629 [2d Dept 1997]; People v Prunty, 101 Misc 2d 163 [Crim Ct, Queens County 1979]).
The statute sets forth 10 factors to be considered when determining a motion, pursuant to GPL 170.40 (1). The factors are as follows:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judg *578 ment of conviction would serve no useful purpose.”
The court has considered the aforementioned factors, and finds that the State’s interest in prosecuting this case outweighs the defendant’s interests in having it dismissed. As the People correctly point out, “[p]olice regulation of the streets, particularly in New York City, is crucial for both public convenience and vehicular and pedestrian safety.” Here, after a thorough review of the allegations, the court has found that the Penal Law §§ 240.20 (6) and 205.30 charges are facially sufficient. This is not the type of case that calls for relief pursuant to CPL 170.40 (1). A severe miscarriage will not result where the defendant is alleged to have intentionally violated the law. Such a result would undermine the public’s confidence in the justice system. Finally, the defendant’s claims pertaining to his arraignment and his refusal to submit to an iris scan do not warrant a different result.
Accordingly, the defendant’s motion to dismiss in the interests of justice is denied.
Remaining Requests for Relief
To date, no CPL 710.30 (1) notices have been served in this case. The People have served a voluntaiy disclosure form (VDF) wherein they indicate that no physical evidence was seized. Therefore, the defendant’s motion to suppress and/or for Huntley/Mapp/Dunaway hearings is denied.
The defendant moves pursuant to CPL 710.30 (3) for an order precluding the prosecution from introducing evidence of any testimony regarding any statements or observation of the defendant, either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such. This order is granted to preclude any statements or identification testimony for which the People failed to serve notice within 15 days of arraignment.
A Sandoval hearing is reserved to the trial court.
The defendant’s request for discovery and a bill of particulars is granted to the extent that the People have served a VDF. The People are reminded of their ongoing obligations pursuant to Brady v Maryland (373 US 83 [1963]).
Conclusion
In accordance herewith, it is hereby: ordered that the defendant’s motion is granted only to the extent that the Penal Law § 240.20 (5) charge is hereby severed and dismissed; and it is *579 further ordered that the defendant’s motion to preclude statement and identification testimony for which no notice was provided is granted; and it is further ordered that a Sandoval hearing is reserved to the trial court; and it is further ordered that the defendant’s request for discovery and a bill of particulars is granted to the extent that the People have served a VDF; and it is further ordered that the defendant’s motion is otherwise denied.
Any requested relief not expressly addressed by the court has nonetheless been considered and is hereby denied.